WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Timothy Stack,<br>    Plaintiff,<br>v.<br>Carolyn W Colvin,<br>    Defendant. | No. CV-15-08063-PCT-JAT<br>**ORDER** |

Pending before the Court is Plaintiff William Timothy Stack ("Plaintiff")'s motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 15). Plaintiff also filed a memorandum of law in support of his motion for attorneys' fees, (Doc. 15-2), and an affidavit detailing the hours Plaintiff's counsel worked on this case, (Doc. 15-5). The Court now rules on the motion.

**I.  Background**

On April 27, 2015, Plaintiff filed a complaint seeking judicial review of an administrative law judge ("ALJ")'s denial of his claim for social security benefits. (Doc. 1). On October 8, 2015, Defendant filed a stipulated motion to reverse and remand the case under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (Doc. 13). On October 14, 2015, the Court granted Defendant's motion and remanded this case to the ALJ for further proceedings. (Doc. 14). Plaintiff now moves for an award of attorneys' fees and costs pursuant to the EAJA, (Doc. 15), a request that Defendant does not oppose, (Doc. 16).

## II. Legal Standard

The United States Court of Appeals for the Ninth Circuit has succinctly stated the legal standard for an award of attorneys' fees under the EAJA as follows:

> EAJA provides that a court shall award to a prevailing party other than the United States fees and other expenses incurred by that party in any civil action unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. It is the government's burden to show that its position was substantially justified. Substantial justification means justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person. Put differently, the government's position must have a reasonable basis both in law and fact. The position of the United States includes both the government's litigation position and the underlying agency action giving rise to the civil action. Thus, if the government's underlying position was not substantially justified, we must award fees and need not address whether the government's litigation position was justified.

*Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (citations, quotation marks, and alterations omitted).

## III. Analysis

Because it does not oppose or object to Plaintiff's motion, *see* (Doc. 16), Defendant has not met its burden of proving that its position was substantially justified, *see Tobeler*, 749 F.3d at 832. Thus, Plaintiff is entitled to an award of his attorneys' fees pursuant to the EAJA provided that they are reasonable.

In this regard, Plaintiff filed an affidavit from his counsel, (Doc. 15-5), and an itemized statement of hours, (Doc. 15-6), detailing how many hours that his counsel worked on this case. Plaintiff requests $6,638.80 in attorneys' fees for thirty-five hours of work performed by two different attorneys at the applicable maximum statutory hourly rate of $189.68. (Doc. 15-6). After reviewing the affidavit and statement of hours, and considering the relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429–30 & n.3 (1983),[1] the Court finds that Plaintiff's requested fee award is reasonable. The

---

[1] In *Whitehead v. Colvin*, 2016 WL 1464469, at *2 n.1 (W.D. Wash. Apr. 14, 2016), the court noted that *Hensley* had been superseded, in part, by the Prison Litigation

Court will therefore grant Plaintiff's request for attorneys' fees and costs as set forth in the motion, memorandum of law, affidavit, and statement of hours.

Plaintiff also requests that the award of EAJA fees be made payable directly to his counsel. (Doc. 15-2 at 3). Plaintiff contends that *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010) indicates that this is a permissible payment method "after it is determined that [Plaintiff] does not have any outstanding federal debt subject to collection" because Plaintiff executed an assignment of all rights to the fee to his counsel. (Doc. 15-7 at 1, 4).

In *Ratliff*, the Supreme Court of the United States construed § 2412(d) and held that EAJA fees are payable to litigants and therefore subject to offsets when a litigant has outstanding federal debts. 560 U.S. at 598. The Supreme Court noted that the government has made direct payments to a litigant's attorney "only in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 597 (quotations and citations omitted). Since *Ratliff*, district courts in other circuits have ordered fees to be paid directly to a litigant's attorney provided that the government is afforded an opportunity to offset any preexisting debt owed by the plaintiff, and the plaintiff has assigned all rights in the fee award to counsel. *See Meyer v. Astrue*, 2011 WL 4036398, at *3 (D. Minn. 2011). In this case, Plaintiff agreed to assign all rights to any EAJA fee award to his counsel. (Doc. 15-7).

Nonetheless, the Anti-Assignment Act ("the Act") forbids the assignment of claims against the United States unless certain requirements are satisfied. 31 U.S.C. § 3727. Namely, an assignment is permitted only: (1) "after a claim is allowed," (2) when "the amount of the claim is decided," and (3) when "a warrant for payment of the claim has been issued." § 3727(b). In this case, Plaintiff's assignment was executed on April 15, 2015, well before any EAJA claim was allowed or the amount decided. (Doc. 15-7 at 1). Because the assignment does not meet the Act's requirements, and Defendant does not appear to waive the Act's provisions, the Court concludes that the assignment is

---

Reform Act. As this case does not involve prisoner litigation, this statutory change is irrelevant.

- 3 -

invalid as contrary to the Anti-Assignment Act. In any event, the determination of whether to pay Plaintiff's counsel directly "must be made *by the Commissioner* after confirming that Plaintiff has assigned his right to fees and does not owe a debt that is subject to offset under the Treasury Offset Program." *Zamora v. Colvin*, No. CV-13-01970-PHX-DGC, 2014 WL 4388537, at *2 (D. Ariz. Sept. 5, 2014) (citing *Ratcliff*, 560 U.S. at 594) (emphasis added). Consequently, the Court will deny Plaintiff's request for the EAJA fees to be made payable directly to his counsel.

**IV. Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees pursuant to the EAJA (Doc. 15) is **GRANTED** to the extent it seeks $6,638.80 in attorneys' fees and $400.00 in costs pursuant to 28 U.S.C. § 2412. The motion is **DENIED** to the extent it requests that the fees be made payable directly to Plaintiff's counsel.

**IT IS FURTHER ORDERED** that this award shall be made payable directly to Plaintiff and is subject to offset to satisfy any pre-existing debt that Plaintiff owes the United States pursuant to *Ratliff*, 560 U.S. 586.

Dated this 5th day of July, 2016.

James A. Teilborg
Senior United States District Judge